UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOWAUN COLEMAN,

                            Plaintiff,

            v.                                                9:18-CV-0390
                                                              (MAD/CFH)

ANDREW CUOMO, et al.,

                            Defendants.
_____

APPEARANCES:

TOWAUN COLEMAN
07-A-2215
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Towaun Coleman commenced this action pursuant to 42 U.S.C. § 1983

("Section 1983") by filing a pro se civil rights complaint together with an application for leave

to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By

Decision and Order of this Court filed May 14, 2018, plaintiff's IFP Application was granted,

and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b), some of plaintiff's claims and some of the named defendants were dismissed and

the Court directed service and a response for the claims that survived sua sponte review. Dkt. No. 5 (the "May 2018 Order").

Presently before this Court is plaintiff's amended complaint. Dkt. No. 31 ("Am. Compl.").

## II.   DISCUSSION

### A.   The Complaint and May 2018 Order

In his original complaint, plaintiff asserted claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See generally* Compl. Plaintiff named as defendants DOCCS, Governor of New York Andrew Cuomo, DOCCS Commissioner Anthony Annucci, Superintendent of Clinton C.F. Joseph Racette, Corrections Lieutenant Derkin, Corrections Sergeants Hutti and King, and Corrections Officers Reye, Wyatt, Dubrey, Spinner, Tyler, John Doe #1, and John Doe #2. *Id*.

The complaint was construed to assert the following claims: (1) Eighth Amendment excessive force and failure-to-intervene claims against defendants John Doe #1, John Doe #2, Derkin, Hutti, King, Reye, Wyatt, Dubrey, Tyler, and Spinner (collectively, the "Clinton Correctional Officers"), as well as defendants Cuomo, Annucci, and Racette based on supervisory liability; (2) a Fourteenth Amendment due process claim against the Clinton Correctional Officers, as well as defendants Cuomo, Annucci, and Racette based on supervisory liability; (3) a Fourteenth Amendment equal protection claim against the Clinton Correctional Officers, as well as defendants Cuomo, Annucci, and Racette based on supervisory liability; (4) a Title VI discrimination claim against DOCCS and the Clinton Correctional Officers; (5) state law assault and battery claims against the Clinton Correctional

Officers; (6) a state law negligence claim against all of the defendants; (7) a state law negligent infliction of emotional distress claim against all of the defendants; (8) a state law intentional infliction of emotion distress claim against all of the defendants; and (9) respondeat superior claims against defendants DOCCS, Cuomo, and Racette. *See* May 2018 Order at 7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review and require a response: (1) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants John Doe #1, John Doe #2, Derkin, Hutti, King, Reye, Wyatt, Dubrey, and Tyler; and (2) plaintiff's state law negligence claims against defendants Racette, John Doe #1, John Doe #2, Derkin, Hutti, King, Reye, Wyatt, Dubrey, and Tyler. *See* May 2018 Order at 26. Insofar as plaintiff attempted to assert Section 1983 claims for monetary relief against DOCCS and the individual defendants in their official capacities, those claims were dismissed with prejudice. *Id*. All remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. at 26-27. Finally, defendants Cuomo, Annucci, Spinner, and DOCCS were dismissed as defendants from the action without prejudice. *Id*. at 27.

## B.    Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2018 Order and it will not be restated in this

Decision and Order.  *See* May 2018 Order at 2-4.

Plaintiff's amended complaint is substantially the same as his original complaint with a few exceptions.

First, plaintiff has added Corrections Officer John Doe #3, Corrections Officer John Doe #4, and Corrections Sergeant Woods as defendants.  Am. Compl. at 1, 9-10.  Plaintiff alleges that John Doe #3 and John Doe #4 were members of the "search team" that assaulted him on June 8, 2015, and that Corrections Sergeant Woods interviewed plaintiff several days after the assault during which time he forced plaintiff to sign a "forged" statement about the assault.  *Id*. at 9-10, 17-18.

Second, plaintiff has added allegations regarding the physical characteristics of the John Doe defendants, and the location of defendant Spinner in relation to where the alleged assault occurred on June 8, 2015.  *See* Am. Compl. at 7-10.

Third, plaintiff has added the following claims for relief based on the alleged events that occurred on June 8, 2015: (1) a First Amendment retaliation claim against the Clinton Correctional Officers and defendants John Doe #3 and John Doe #4; and (2) a Fourth Amendment unreasonable search claim against defendants John Doe #1, John Doe #2, Hutti, and Derkins.  In addition, the Court liberally construes the amended complaint to assert claims against defendant Woods for invasion of privacy, retaliation, and cover up of the alleged assault through falsifying evidence.

Fourth, plaintiff has withdrawn his claims against defendant Annucci, as well as his Title VI discrimination claim.  *See generally*, Am. Compl.

The remainder of the amended complaint is materially similar to the original complaint, and re-asserts all of the same claims asserted in the original complaint against all of the

same defendants (with the exception of defendant Annucci). *See generally* Am. Compl. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Claims Against DOCCS

In the May 2018 Order, the Court dismissed plaintiff's claims against DOCCS with prejudice. *See* May 2018 Order at 10-11. The amended complaint is devoid of any allegations which warrant reconsideration of this determination. Accordingly, plaintiff's claims against DOCCS are dismissed for the reasons set forth in the May 2018 Order.

### 2. Retaliation Claim Based on Events of June 8, 2015

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). It is well-settled that filing a grievance is constitutionally protected conduct. *Johnson v. Eggersdorf*, 8 Fed. App'x 140, 144 (2d Cir. 2001) (summary order). "A plaintiff can establish a causal connection that suggests retaliation by showing that protected activity

was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); *accord Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 554 (2d Cir. 2001)).

Here, plaintiff alleges that he attempted to "address [defendant] Hutti about the issue of [his] personal property being thrown away" during a cell search conducted by defendants John Doe #1 and John Doe #2, when defendant Derkins interrupted to address John Doe #1 and John Doe #2 and then "yell" at plaintiff for having too much property. Am. Compl. at 13. Plaintiff allegedly responded by advising defendant Derkins that he is "permitted to have" the four property bags in his possession, "most of [which] is [his] legal work for [his] case." *Id*. Plaintiff further alleges that his response prompted defendant Derkins to "yell even more" at him and defendant John Doe #1 to accuse him of "running his mouth all day" and strike him in the face. *Id*. at 13-14.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's retaliation claims against defendants Derkin and John Doe #1 survive sua sponte review and require a response.

The Court, however, reaches a different conclusion with regard to the remaining defendants. Although the amended complaint alleges that plaintiff was assaulted by several individuals after he was struck by defendant John Doe #1, while others stood by without intervening, the allegations plausibly suggest that plaintiff was assaulted in response to defendant John Doe #1's actions and/or the overall facility environment due to the prison escape, and not because plaintiff was engaged in protected activity.

Accordingly, plaintiff's retaliation claim against defendants Racette, John Doe #2, John

6

Doe #3, John Doe #4, Hutti, King, Reye, Wyatt, Dubrey, Tyler, and Spinner is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Cell Search Claim

The Supreme Court has ruled that inmates have no constitutional protection from cell searches, even those conducted for retaliatory reasons. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984) ("[T]he Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells."); *see also Walker v. Keyser*, No. 98-CV-5217, 2001 WL 1160588, at *9 (S.D.N.Y. Oct. 17, 2001) ("Even retaliatory searches are not actionable under § 1983.").

Accordingly, plaintiff's Fourth Amendment illegal search claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Excessive Force and Failure-to-Intervene Claims

In the May 2018 Order, the Court found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants John Doe #1, John Doe #2, Derkin, Hutti, King, Reye, Wyatt, Dubrey, and Tyler, survived sua sponte review and required a response. For the reasons set forth in the May 2018 Order, these claims once again survive sua sponte review and require a response.

Because plaintiff alleges that defendants John Doe #3 and John Doe #4 were present during the alleged assault, the Court finds, for the reasons set forth in the May 2018 Order, that a response to plaintiff's excessive force and failure-to-intervene claims against these new defendants is warranted.

With regard to defendant Spinner, based on plaintiff's new allegations regarding her

7

physical location in relation to the alleged assault, which plausibly suggest that she was able

to view the assault as it was ongoing, as well as plaintiff's allegation that the assault lasted for

"what appeared to be a half an hour," the Court finds that a response to plaintiff's failure-to-

intervene claim against her is also warranted.

Lastly, with regard to defendants Cuomo and Racette, the amended complaint alleges

that they "approved and encouraged the means necessary to obtain information about the

escape [by inmates David Sweat and Richard Matt]." Am. Compl. at 11. Plaintiff also alleges

that other inmates experienced mistreatment and were subjected to unnecessary force in an

effort to obtain information about the escape, and he has produced documentary evidence in

support of this claim. *Id*.; Dkt. No. 31-1 at 21-23.

The Second Circuit has held that supervisory personnel may be considered

"personally involved" only if they: (1) directly participated in the violation; (2) failed to remedy

that violation after learning of it through a report or appeal; (3) created, or allowed to

continue, a policy or custom under which the violation occurred; (4) had been grossly

negligent in managing subordinates who caused the violation; or (5) exhibited deliberate

indifference to the rights of inmates by failing to act on information indicating that the violation

was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1] "Conclusory statements

and formulaic recitations of the *Colon* factors [that are] wholly unsupported by facts," do not

---

[1]    The Second Circuit has not yet addressed how the Supreme Court's decision in *Ashcroft v. Iqbal*, 556
U.S. 662 (2009) affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New
Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a
supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of
*Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under
*Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to
which [*Iqbal* ] may have heightened the requirements for showing a supervisor's personal involvement with
respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and
Order, the Court assumes that all five categories under *Colon* remain valid.

constitute factual support for a supervisory liability claim. *Eldridge v. Kenney*, No. 11-CV-6459, 2014 WL 2717982, at *3 (W.D.N.Y. June 16, 2014).

Plaintiff has not plausibly alleged that Defendant Cuomo, as a supervisory official, was personally involved in the Eighth Amendment violations alleged under any of the *Colon* theories of liability. *See also Alexander v. Cuomo*, No. 9:17-CV-309 (BKS/CFH), 2018 WL 2041576, at *5 (N.D.N.Y. Feb. 26, 2018) (dismissing supervisory liability claim against Governor Cuomo stemming from his actions at Clinton Correctional Facility following the escape of inmates Sweat and Matt). Accordingly, plaintiff's Section 1983 claims against defendant Cuomo must be dismissed for failure to state a claim upon which relief may be granted.

With respect to defendant Racette, given the unusual circumstances following the prison escape and the allegations and documentary evidence showing potential widespread abuses and similar conduct within a facility he was allegedly responsible for overseeing, the Court finds that a response to plaintiff's Eighth Amendment claims is warranted. *See Alexander*, 2018 WL 2041576, at *6 (allowing Eighth Amendment claim against defendant Racette arising out of alleged mistreatment following the prison escape at Clinton C.F. to proceed under theory of supervisory liability). Accordingly, plaintiff's Eighth Amendment claim against defendant Racette survives sua sponte review and requires a response.

### 5. Due Process Claim

The amended complaint does not contain any new allegations regarding the alleged destruction of plaintiff's personal property. As a result, and for the reasons set forth in the May 2018 Order, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 6. Equal Protection Claim

The amended complaint does not contain any new allegations regarding the alleged denial of plaintiff's equal protection rights.  As a result, and for the reasons set forth in the May 2018 Order, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 7. State Law Claims Dismissed in the May 2018 Order as Time-Barred

The amended complaint does not contain any new allegations that might support a basis for tolling the limitations periods governing plaintiff's state law claims.  As a result, and for the reasons set forth in the May 2018 Order, plaintiff's assault and battery, and intentional infliction of emotional claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 8. State Law Negligence Claim

The Court construes the amended complaint to assert a negligence claim arising out of the alleged assault that occurred on June 8, 2015.  For the reasons set forth in the May 2018 Order, the Court declines to dismiss this claim to the extent it is asserted against defendants who have been directed to respond to plaintiff's Eighth Amendment claim, or to the extent it is asserted against defendant Racette under a theory of respondeat superior. This claim, however, is dismissed against defendant Cuomo for the reasons set forth in the May 2018 Order.  *See* May 2018 Order at 20-21.

### 9. State Law Negligent Infliction of Emotional Distress Claim

The amended complaint does not contain any new allegations which plausibly suggest

that any named defendant owed plaintiff a special duty, beyond the general duty owed to all inmates not to subject them to force that violates their constitutional rights. As a result, and for the reasons set forth in the May 2018 Order, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 10. Respondeat Superior Claims

With respect to defendant Cuomo, the amended complaint does not contain any new allegations which plausibly suggest that any of the Clinton Correctional Officers were his direct employees or acting as his agents on June 8, 2015. As a result, and for the reasons set forth in the May 2018 Order, there is no basis to impose respondeat superior liability upon him, and this claim is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

As noted, with respect to defendant Racette, the Court found in the May 2018 Order that plaintiff's negligence claim survived sua sponte review under a theory of respondeat superior. Accordingly, this claim once again survives sua sponte review and requires a response.

### 11. Claims Against Defendant Woods

#### (a) Invasion of Privacy

The Second Circuit has recognized that "prisoners retain a right to bodily privacy, even if that right is limited by institutional and security concerns." *Nicholas v. Goord*, 430 F.3d 652, 658 (2d Cir. 2005). "[F]or a prisoner to allege a valid Fourth Amendment violation, he must establish that he (1) 'exhibited an actual, subjective expectation of bodily privacy,' and (2)

11

prison officials lacked 'sufficient justification to intrude on the inmate's [F]ourth [A]mendment rights.'" *Roundtree v. City of New York*, No. 15-CV-8198, 2018 WL 1586473, at *12 (S.D.N.Y. Mar. 28, 2018) (quoting *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016)).

Plaintiff alleges that he entered the facility clinic on June 25, 2015, and was seen by a nurse who called a corrections sergeant, defendant Woods, to the facility. Am. Compl. at 17. Plaintiff further alleges that, upon defendant Woods arriving at the clinic, he was placed in a "small room with no windows and . . . told to 'strip'" by defendant Woods, who was accompanied by one other unknown corrections official. *Id*.

The allegations in the amended complaint do not plausibly suggest that plaintiff had an expectation of privacy within the clinic. *See Roundtree*, 2018 WL 1586473, at *12 ("[T]here is no expectation of privacy in showers, clinics, or other areas in which prison officials routinely monitor and search prisoners."). Moreover, even assuming plaintiff maintained some right to bodily privacy while in the windowless room within the facility clinic, plaintiff has failed to allege facts which plausibly suggest that there was no sufficient justification for defendant Woods directing plaintiff to strip.

Accordingly, plaintiff's privacy claim against defendant Woods is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (b) Retaliation

Plaintiff alleges that on June 25, 2015, while in the facility clinic, he spoke with defendant Woods about being assaulted by corrections officials on June 8, 2015, and wrote that he was "assaulted by C.O.'s on 6-8-15" on a form, which he provided to defendant Woods. Am. Compl. at 17-18. Plaintiff further alleges that, in response, defendant Woods

12

confiscated the form, called plaintiff a "smart ass," and forced him to sign a new form, which

defendant Woods changed to read that plaintiff was "assaulted." *Id*. at 18; Dkt. No. 31-1 at

42.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be

liberally construed, the Court finds that plaintiff's retaliation claim against defendant Woods

survives sua sponte review and requires a response.

### (c) Cover Up

Ordinarily, "[a] claim that a prison employee has taken steps to conceal evidence of a

past constitutional violation which is not ongoing does not alone state a cognizable

constitutional claim under 42 U.S.C. § 1983." *De Ponceau v. Bruner*, No. 9:09-CV-0605

(GTS/DEP), 2012 WL 1030415, at *7 (N.D.N.Y. Feb. 21, 2012) (collecting cases), *report and*

*recommendation adopted by* 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012); *Evans v. Murphy*,

No. 12-CV-365, 2013 WL 2250709, at *3 (W.D.N.Y. May 22, 2013) (dismissing claim that

defendant "failed to document [plaintiff's] injuries to cover-up the incident[,]" noting that

"[s]uch a claim does not state a constitutional claim"); *Barnes v. Fedele*, 760 F. Supp. 2d 296,

304-05 (W.D.N.Y. 2011) (the plaintiff's conclusory allegations of a "cover up" due to a "less

than thorough investigation" fail to state a claim) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). An exception to this general rule may exist when an alleged cover-up "has

made it impossible for the plaintiff to litigate an underlying claim, because material evidence

was destroyed, for instance, or because the statute of limitations expired before the plaintiff

discovered the cover-up." *Tavares v. New York City Health & Hosps. Corp*., No.

13-CV-3148, 2015 WL 158863, at *7 (S.D.N.Y. Jan. 13, 2015) (citing *Christopher v. Harbury*,

536 U.S. 403, 413-14 & n. 11 (2002) (describing these claims as "backward-looking access

claims")). "The Second Circuit has emphasized, however, that '[t]he viability of [such] claims is far from clear,' pointing out that the *Harbury* decision was careful not to endorse their validity." *Tavares*, 2015 WL 158863, at \*7 (quoting *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012)).

In any event, even assuming backward-looking access claims are actionable, "such claims are available only if a judicial remedy was 'completely foreclosed' by the alleged cover-up." *Sousa*, 702 F.3d at 128 (quoting *Broudy v. Mather*, 460 F.3d 106, 120 (D.C. Cir. 2006)). Here, plaintiff has failed to allege facts which plausibly suggest that a judicial remedy for the alleged constitutional violations arising out of the alleged events that occurred on June 8, 2015, was "completely foreclosed" as a result of the actions of defendant Woods.

Accordingly, there is no basis for concluding that defendant Woods was personally involved in the alleged Eighth Amendment violations as a result of his alleged falsification of a statement from plaintiff. Plaintiff's cover up claim against defendant Woods is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.    SERVICE OF THE COMPLAINT

Although certain of plaintiff's claims against defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4 have survived sua sponte review, plaintiff is apparently unable to identify the Doe defendants by name. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office attempt to ascertain the full names of the Doe defendants whom plaintiff seeks to sue

herein, as well as the defendant named as Corrections Officer Reye.[2]  The Attorney

General's Office is also requested, to the extent that it is able to identify any of the Doe

defendants or defendant Reye, to provide the addresses where the defendants so identified

can currently be served.[3]  The Attorney General's Office need not undertake to defend or

indemnify these individuals at this juncture.  This order merely provides a means by which

plaintiff may name and properly serve the defendants as instructed by the Second Circuit in

*Valentin*.

The New York State Attorney General's Office is hereby requested to produce the

information specified above, to the extent that it can, regarding the names of the Doe

defendants and Corrections Officer Reye -- currently identified as Corrections Officers from

Clinton C.F. who were members of a "search team" in Upper H-Block 12 Company on the

morning of June 8, 2015, and/or were involved in a search of plaintiff's cell or use of force

incident with plaintiff on this date -- within thirty (30) days of the filing date of this Decision

and Order.  The information should be sent to the Clerk of the Court for the Northern District

of New York along with a copy of this Decision and Order, as well as to plaintiff at his address

of record.  Once this information is provided, the Clerk shall return this file to the Court for

further review.

---

[2]  In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

[3]  The Court is mindful that counsel for the defendants who have been served previously submitted a status report with respect to defendants John Doe #1, John Doe #2, and Reye detailing unsuccessful efforts made to discern the correct identifies of these individuals. *See* Dkt. No. 22. With respect to the defendant named as Corrections Officer Reye, it is unclear whether alternative spellings for this name, such as "Reyes", were considered. Furthermore, plaintiff has provided in his amended complaint descriptions of the "Doe" defendants, including the potential spelling (or phonetic spelling) of defendants John Doe #1 and John Doe #2. *See* Am. Compl. at 8-10. Counsel is therefore encouraged to take further steps to identify these defendants, bearing in mind that plaintiff has twice requested a photo array of all employees who worked at Clinton C.F. on June 8, 2015, which requests were denied as premature because plaintiff had yet to "provide further detail regarding the identity of each 'Doe' defendant in any amended complaint." *See* Dkt. Nos. 21, 24, 30, 32.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint, as modified by this Order, is accepted for

filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket to add the following parties as

defendants: (1) Corrections Officer John Doe #3; (2) Corrections Officer John Doe #4; and (3)

Corrections Sergeant Woods; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a

response: (1) plaintiff's First Amendment retaliation claims against defendants Derkin, John

Doe #1, and Woods; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene

claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, Derkin,

Hutti, King, Reye, Wyatt, Dubrey, Tyler, Spinner, and Racette; and (3) plaintiff's state law

negligence claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe

#4, Derkin, Hutti, King, Reye, Wyatt, Dubrey, Tyler, Spinner, and Racette; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief

may be granted;[4] and it is further

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Spinner and Woods;[5] and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendants Racette, Derkin, Hutti, King, Wyatt, Dubrey, Tyler, Spinner, and Woods as provided for in the Federal Rules of Civil Procedure;[6] and it is further

**ORDERED** that, to the extent possible, the New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the Doe defendants and Corrections Officer Reye **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly**

---

[5] Because Erik Boule Pinsonnault, on behalf of the Office of the New York State Attorney General, has appeared in this action as counsel for defendants Racette, Derkin, Hutti, King, Wyatt, Dubrey, and Tyler, the Clerk need not issue a summons for these defendants.

[6] An appearance has already been filed on behalf of defendants Racette, Derkin, Hutti, King, Wyatt, Dubrey, and Tyler. This action was commenced in April 2018. For the sake of judicial efficiency, the Court will not extend the deadline for the aforementioned defendants to respond to the amended complaint pending the completion of service on the other defendants.

**notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

  **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff and counsel for the defendants who have appeared in this action.

**IT IS SO ORDERED.**

Dated: January 18, 2019
    Albany, NY

             _____
             Mae A. D'Agostino
             U.S. District Judge