UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

TOWAUN COLEMAN,

                              **Plaintiff,**

     vs.                                                    **18-cv-0390**
                                                            **(MAD/CFH)**

STEVEN RACETTE, *Superintendent, Clinton*
*Correctional Facility;* LT. DURKIN, *Correctional*
*Officer, Clinton Correctional Facility*; SGT. HUTTI,
*Correctional Officer, Clinton Correctional Facility*;
SGT. KING, *Correctional Officer, Clinton Correctional*
*Facility*; WYATT, *Correctional Officer, Clinton*
*Correctional Facility*; S. DUBREY, *Correctional*
*Officer, Clinton Correctional FACILITY*; SPINNER,
*Correctional Officer, Clinton Correctional Facility*;
J. TYLER, *Correctional Officer, Clinton Correctional*
*Facility;* CORRECTIONS OFFICER CORYEA;
CORRECTIONS OFFICER DEMERS; and JOHN
REYELL,

                              **Defendants.**

─────────────────────────────────────────

**APPEARANCES:**                          **OF COUNSEL:**

**TOWAUN COLEMAN**
07-A-2215
Clinton Correctional Facility
P.O. Box 2000
Pine City, New York
Plaintiff, *pro se*

**NEW YORK STATE ATTORNEY**              **ERIK BOULE PINSONNAULT, AAG**
**GENERAL – ALBANY**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                              **ORDER**

1

Plaintiff commenced this action on April 2, 2018, alleging various violations of his

constitutional rights and state law while he was incarcerated at Clinton Correction Facility.  *See*

Dkt. No. 1.  On December 19, 2018, Plaintiff filed an amended complaint.  *See* Dkt. No. 31.  In

his amended complaint, Plaintiff alleged (1) violations of his First, Eighth, and Fourteenth

Amendment rights pursuant to 42 U.S.C. § 1983; (2) assault and battery; (3) intentional infliction

of emotional distress; (4) negligence; (5) negligent infliction of emotional distress; and (6)

respondeat superior.  *See id.* at ¶¶ 53-76.  The Court conducted a review of the amended

complaint and the following claims survived: (1) Plaintiff's First Amendment retaliation claims

against Defendants Durkin, John Doe #1, and Wood; (2) Plaintiff's Eighth Amendment excessive

force and failure to intervene claims against Defendants John Doe #1-4, Durkin, Hutti, King,

Reyell, Wyatt, Dubrey, Tyler, Spinner, and Racette; and (3) Plaintiff's state law negligence claims

against Defendants John Doe #1-4, Durkin, Hutti, King, Reyell, Wyatt, Dubrey, Tyler, Spinner,

and Racette.  *See* Dkt. No. 33 at 16.

Defendants filed a partial motion to dismiss on April 1, 2019.  *See* Dkt. No. 44.  On

December 13, 2019, Magistrate Judge Hummel issued a Report-Recommendation and Order,

recommending that Defendants' motion to dismiss be granted in part.  *See* Dkt. No. 61 at 44.  On

February 24, 2020, the Court adopted in its entirety this Report-Recommendation and Order.

Dkt. No. 64.  The Court dismissed Plaintiff's First Amendment claim against Defendants Durkin

and Woods and all negligence claims.  *See id.*

On October 27, 2020, Defendants filed a motion for partial summary judgment seeking

dismissal of the Eighth Amendment claims against Defendants Racette and Demers and the First

Amendment claims against Defendants Demers and Coryea.  *See* Dkt. No. 91.  Magistrate Judge

Hummel issued a Report-Recommendation and Order on May 27, 2021, recommending that

Defendants' motion for partial summary judgment be granted in part.  Specifically, Magistrate

Judge Hummel recommended that Defendants' motion for partial summary judgment be granted

with respect to Plaintiff's First Amendment retaliation claims against Defendants Demers and

Coryea, and with respect to all claims against Defendant Racette.  *See* Dkt. No. 101.  Magistrate

Judge Hummel recommended that Defendants' motion for partial summary judgment be denied

with respect to Plaintiff's Eighth Amendment claim against Defendant Demers.  *Id.*

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However,

when a party declines to file objections or files "[g]eneral or conclusory objections or objections

which merely recite the same arguments [presented] to the magistrate judge," the court reviews

those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846,

*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*,

517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept,

reject or modify, in whole or in part, the findings or recommendations made by the magistrate

[judge]."  28 U.S.C. § 636(b)(1).  Plaintiff has not filed an objection to the report-

recommendation and the Court will review it for clear error.

A court may grant a motion for summary judgment only if it determines that there is no

genuine issue of material fact to be tried and that the facts as to which there is no such issue

warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43

F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the

court "cannot try issues of fact; it can only determine whether there are issues to be tried."  *See id.*

at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing

a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations

omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances

to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a

legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d

Cir. 1983)).  "This liberal standard, however, does not excuse a *pro se* litigant from following the

procedural formalities of summary judgment."  *Govan*, 289 F. Supp. 2d at 295 (citing *Showers v.*

*Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).  Specifically, "a pro

se party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a

motion for summary judgment."  *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing

*Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined

that Defendants' motion for partial summary judgment should be granted as to Plaintiff's Eighth

Amendment claim against Defendant Racette.  It is undisputed that Defendant Racette was not

present during the search of Plaintiff's cell.  Dkt. No. 91-3 at ¶ 5; Dkt. No. 91-4 at ¶ 13.

Therefore, the excessive force claim fails.  *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir.

2020).  The failure-to-protect claim similarly fails; there is no record evidence that Racette acted

with "deliberate indifference," as required.  *Farmer v. Brennan*, 511 U.S. 825, 829 (1994).

The Court also agrees with Magistrate Judge Hummel that Defendants' motion for

summary judgment on the First Amendment retaliation claims should be granted.  To prove a

First Amendment retaliation claim, a prisoner must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009).  Magistrate Judge Hummel correctly found that Plaintiff's oral complaints were not protected activity.  Dkt. No. 101 at 23-27.  Additionally, Plaintiff failed to show a causal connection between his grievances or previous lawsuit and the adverse action.  *Id.* at 21-23.

Lastly, the Court adopts Magistrate Judge Hummel's recommendation that Defendants' motion for partial summary judgment be denied with respect to Plaintiff's claim of excessive force by Defendant Demers.  "A plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene." *Munoz v. Martinez*, No. 03 CIV. 0828, 2005 WL 1355094, *4 (S.D.N.Y. June 8, 2005).  Here, Plaintiff's testimony that Defendant Demers "was present for the incident" is therefore sufficient to withstand the motion for partial summary judgment.  Dkt. No. 91-5 at 33, 38, 40-42.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for partial summary judgment (Dkt. No. 91) is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** that Defendant Racette is **terminated** as a Defendant in this action; and the Court further

---

[1] Plaintiff's Eighth Amendment excessive force claim remains against Defendants Durkin, Hutti, King, Wyatt, Dubrey, Spinner, Tyler, Coryea, Demers, and Reyell.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 10, 2021
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

6