UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOWAUN COLEMAN,

                                      Plaintiff,    **Motion in Limine**

      v.

LT. DURKIN, *et al.,*                                 Civil Action No: 18-cv-390
                                     Defendants.   (MAD/CFH)

---

**PLEASE TAKE NOTICE,** that plaintiff Towaun Coleman, by his attorneys, Hinman Straub P.C., will move the Court, *in limine*, at the Trial hereof, for an Order (1) precluding defendants from offering evidence of or concerning: (a) any criminal convictions of plaintiff (robbery in the first degree in 2007, burglary in the first degree in 2007, and attempted robbery in the second degree in 2003); (b) any prison disciplinary proceedings or litigation against plaintiff; or (c) any criminal convictions of the Plaintiff's witnesses that he intends to call to testify including Lavogia Jackson (robbery in the first degree in 2001, attempted robbery in the first degree in 2001, sexual abuse in the first degree in 2001, and grand larceny in the fourth degree in 2001, and robbery in the second degree in 1985), Donovan Mais (burglary in the second degree and attempted robbery in the third degree in 2010), and Julius Sanders (murder in the second degree and robbery in the second degree in 2011); and (2) permitting the introduction into evidence of the June 12, 2015 Declaration of Joshua M. Grey pursuant to Rule 807 of the Federal Rules of Evidence.  In the alternative, if the Court denies Plaintiff's motion on the papers, Plaintiff requests that the Court conduct a Hearing prior to the Trial to determine the admissibility of any such evidence.

I.        PRECLUSION OF PRIOR CONVICTIONS AND LITIGATION

In support of the motion for preclusion of prior convictions and litigation, the Federal Rules of Evidence permit the impeachment of a witness by prior convictions punishable in excess of one year. *See* Fed. R. Evid. 609(a). If more than ten years has lapsed since the conviction or the release from confinement for the conviction, the evidence is not admissible unless the probative value substantially outweighs prejudicial effect. Fed. R. Evid. 609(b). In Z*inman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993), the Second Circuit stated that a conviction outside of the ten-year window should be admitted "very rarely and only in exceptional circumstances." Plaintiff's criminal convictions, and the convictions of the aforementioned witnesses stated above, are more than ten years old and have no relevance to this matter. The parties have stipulated that Plaintiff was at the relevant time and is incarcerated. Nothing else concerning his criminal history is relevant. None of the convictions are for perjury or other criminal offenses stemming from false testimony by the Plaintiff or any of his witnesses. Accordingly, Defendants should not be permitted to offer evidence concerning the convictions of Plaintiff or the aforementioned witnesses.

Additionally, Defendants should likewise be precluded from offering any evidence regarding any separate and unrelated disciplinary matters against Plaintiff. Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Thus, evidence concerning any prior and unrelated disciplinary actions involving Plaintiff cannot be used by the Defendants to support their allegations against Plaintiff in this case. Accordingly, Plaintiff requests that the Court issue an Order precluding Defendants from mentioning or offering evidence concerning any unrelated disciplinary matters against Plaintiff.

Plaintiff also relies upon Rules 402 and 403 of the Federal Rules of Evidence and respectfully submits that such evidence is either irrelevant and/or outweighed by its prejudicial effect on the proceedings. Plaintiff submits that introduction of his and/or the aforementioned witnesses' convictions are irrelevant to the proceedings where Plaintiff does not seek to preclude the Jury from learning that Plaintiff and the aforementioned named witnesses were and/or are incarcerated during all times material to the events underlying this case and stipulates to those facts. Accordingly, pursuant to FRE 402, evidence of these convictions is not admissible and should be excluded.

In addition, evidence of such convictions will unduly prejudice the jury and prevent Plaintiff from receiving fair consideration of his excessive force and failure to intervene claims. Incarcerated persons have rights under the Eighth and Fourteenth Amendments to the Constitution, and drawing the jury's attention to the conviction(s) underlying the incarceration  The prejudice of admitting the convictions of the named witnesses into evidence would similarly outweigh any probative value such evidence may offer. Moreover, due to the nature of the convictions, any limiting instruction the Court may give the jury will not prevent undue prejudice to Plaintiff. Accordingly, pursuant to Rule 403, evidence of these convictions, etc. should be excluded.

II.     ADMISSION OF DECLARATION OF JOSHUA GREY

For the reasons that follow, the Declaration of Joshua Grey dated June 12, 2015 should be admitted into evidence under Rule 807 of the Federal Rules of Evidence.

Fed. R. Evid. 804 (b) (1) provides that former testimony of a witness is "not excluded by the rule against hearsay if the declarant is unavailable as a witness" if the testimony "was given as a witness at a trial, hearing, or lawful deposition" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination."  A

witness is "unavailable" for purposes of Rule 804 if he "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804 (a) (5) (A).

Rule 807 (a) provides that "a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804" if "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."  Such statements are "only admissible if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it."  Fed. R. Evid. 807 (b).  The Second Circuit has held that "A statement will be admitted under this rule if '(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party.'" *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004).  For the reasons the follow, the Court should admit the June 12, 2015 Declaration of Joshua Grey (Exhibit "A" to the Affirmation of David B. Morgen; hereinafter, the "Grey Decl.") under this exception to the hearsay rule.

As noted in the Grey Decl., the witness resided next door to Plaintiff's cell at the time.  He testified that he witnessed an assault on the Plaintiff on June 8, 2015, and described the events in detail.  *See* Grey Decl., ¶¶ 2-8.  Because his cell was much closer to Plaintiff's than the other witnesses who will testify in this action, only Grey could offer the jury his personal observations of Plaintiff's condition after he was returned to his cell.  *See* Grey Decl., ¶ 9.  Despite the efforts

of Plaintiff's process server to locate Mr. Grey, he could not be served with a trial subpoena and has not responded to telephone calls. *See* Affidavit of Keith Christiansen, Morgen Affirm., Exh. B. Mr. Grey is, accordingly, unavailable for purposes of Rule 804.

Had Mr. Grey's testimony come via deposition, instead of declaration, it would plainly be admissible under Rule 804 (b) (1). The declaration was attached to the complaint that initiated this action, so Defendants were aware of his testimony and could have deposed him in discovery. *See* ECF No. 1-1. Mr. Grey's testimony should instead be admitted pursuant to Rule 807.

First, the Grey Decl. is sufficiently trustworthy. When evaluating trustworthiness, "courts consider factors including (1) the character of the witness for truthfulness and honesty; (2) whether the testimony was given voluntarily, under oath, subject to cross-examination, and a penalty for perjury; (3) the witness's relationship with both the defendant and the [plaintiff]; (4) the witness's motivation to testify; (5) whether the witness ever recanted the testimony; (6) the existence of corroborating evidence; and (7) the reasons for the witness's unavailability." *Securities Inv. Protection Corp. v. Bernard L. Madoff Investment Secs. LLC*, 528 F.Supp. 3d 219, 233 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). Here, the witness was an inmate, but was not incarcerated for perjury. The testimony was given voluntarily and under penalty of perjury. Although the Plaintiff and Grey lived next to each other at the time, they "haven't spoken" in five years and do not have a close personal relationship that would establish bias. Deposition Trans. Excerpt, Morgen Affirm., Exh. C. The witness stated his motive to testify in his declaration. He has never recanted his testimony. His testimony is corroborated by the testimony of Mr. Coleman and other of Plaintiff's witnesses. Finally, the reason for Mr. Grey's unavailability has nothing to do with Mr. Coleman but, rather, is because he cannot be located after diligent efforts by non-party private investigators.

Second, Grey's testimony bears upon a material fact. Specifically, Grey discusses the Plaintiff's physical condition after he returned to 12 Company following the assault. *See* Grey Decl., ¶ 9. This is material to Plaintiff's claim that he was injured and is entitled to damages.

Third, Grey's testimony about Plaintiff's physical condition is the most probative evidence addressing that fact. He is an unbiased, non-party witness.

Fourth, admission of Grey's testimony is consistent with the rules of evidence and advances the interests of justice. Grey's testimony has been known to Defendants for over three years, and they could have deposed him during discovery. It would advance the interests of justice for the jury to receive a full picture of what occurred.

Finally, admission would follow an adequate written notice to Defendants. This motion is being filed two weeks before the trial, and after Plaintiff's counsel provided email notice to Defendants' counsel that this request would be forthcoming the same date that the private investigator testified the witness could not be located. *See* Morgen Affirm., ¶ 9.

Accordingly, the Grey Decl. should be admitted into evidence under the hearsay exception in Rule 807.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that his motion *in limine* be granted and that Plaintiff be given such other and further relief as the Court deems fair and proper.

DATED:  February 1, 2022
         Albany, New York

         HINMAN STRAUB P.C.

         By:   /s/ David B. Morgen, Esq.
              David B. Morgen, Esq.

              *Attorney for Plaintiff*
              Touwan Coleman
              Bar No. 700474
              121 State Street
              Albany, New York 12207
              dmorgen@hinmanstraub.com
              Tel. No.: (518) 436-0751

TO:   Erik B. Pinsonnault, Esq.
        New York State Attorney General's Office
        The Capitol
        Albany, NY 12224
        Erik.Pinsonnault@ag.ny.gov
        *Attorneys for Defendants*
        (via ECF)

CC:   Towaun Coleman
        07-A-2215
        Attica Correctional Facility
        639 Exchange Street
        Attica, NY 14011
        (via U.S. Mail)

4883-3449-9596, v. 2