**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**TOWAUN COLEMAN,**

                               **Plaintiff,**

    vs.                                                **9:18-CV-390
                                                           (MAD/CFH)**

**LT. DURKIN, SGT. HUTTI, SGT. KING,
WYATT, S. DUBREY, SPINNER, J. TYLER,
CORRECTIONS OFFICER CORYEA,
CORRECTIONS OFFICER DEMERS, and
JOHN REYELL,**

                                 **Defendants.**

_____

**APPEARANCES:**                                     **OF COUNSEL:**

**HINMAN, STRAUB LAW FIRM**            **DAVID MORGEN, ESQ.**
121 State Street
Albany, New York 12207
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**          **ERIK BOULE PINSONNAULT, AAG**
**GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    On April 2, 2018, Plaintiff Towaun Coleman commenced this action alleging various violations of his constitutional rights and state law while he was incarcerated at Clinton Correction Facility. *See* Dkt. Nos. 1, 31. After Defendants' motion to dismiss and motion for summary judgment, Plaintiff's only remaining claims are his Eighth Amendment excessive force and failure to intervene claims against Defendants Durkin, Hutti, King, Wyatt, Dubrey, Spinner,

Tyler, Coryea, Demers, and Reyell.  *See* Dkt. No. 102 at 5 n.1.

On February 1, 2022, Plaintiff and Defendants both filed separate pre-trial motions *in limine*.  Plaintiff's motion argues that the Court should preclude Defendants from offering any evidence concerning (1) any of Plaintiff's criminal convictions; (2) any prison disciplinary proceedings or litigation against Plaintiff; and (3) any of Plaintiff's witnesses' criminal convictions.  *See* Dkt. No. 121 at 2-3.  Plaintiff's motion also argues that the Court should permit the introduction into evidence of a written statement of Joshua M. Grey.  *See id.* at 3-6.  Defendants' motion argues that the Court should preclude Plaintiff from offering any evidence concerning (1) Defendants being indemnified or potentially indemnified by the state; (2) Plaintiff's dismissed claims; (3) any unsworn witness statements; and (4) any medical records from nonparty Central New York Psychiatric Center ("CNYPC").  *See* Dkt. No. 124 at 7-9.  Defendants also contend that they should be permitted to introduce evidence concerning the convictions of Plaintiff and Plaintiff's witnesses.  *See id.* at 4-7.

For the reasons set forth below, Plaintiff's motion is granted-in-part and denied-in-part, and Defendants' motion is granted-in-part, denied-in-part, and reserved-in-part.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to Magistrate Judge Hummel's May 27, 2021, Report-Recommendation and Order.  *See* Dkt. No. 101.

## III. DISCUSSION

**A.     Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude

evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's Prior Criminal Convictions**

Plaintiff argues that under Rule 609 of the Federal Rules of Evidence, Defendants should be prohibited from introducing evidence about his criminal convictions due to their prejudicial effect and because they "are more than ten years old and have no relevance to this matter." *See* Dkt. No. 121 at 2. Defendants, who seek to attack Plaintiff's character, argues that Plaintiff's convictions are highly probative of his truthfulness and with minimal prejudicial effect. *See* Dkt. No. 124 at 4-6. Defendants are seeking to admit only the name of the felony convictions, their dates, and the sentences imposed. *See id.* at 4. Plaintiff has two criminal convictions relevant to this motion: a 2007 conviction for robbery in the first degree, and a 2007 conviction for burglary in the first degree. *See* Dkt. No. 121 at 1.[1]

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year ... must be admitted, subject to Rule 403, in a

---

[1] Plaintiff also has a 2003 conviction for attempted robbery in the second degree. Defendants do not attempt to introduce evidence concerning that conviction. *See* Dkt. No. 124 at 5-6; Dkt. No. 126 at 1.

3

civil case." Fed. R. Evid. 609(a)(1). In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). Where over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and ... the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, ... [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

4

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

Plaintiff is currently incarcerated for his 2007 convictions of robbery and burglary. Therefore, as Defendants argue, the Rule 609(b) presumption against admissibility is not applicable here. *See* Fed. R. Evid. 609(b) ("This subdivision ... applies if more than 10 years have passed since the witness's conviction or *release from confinement for it, whichever is later*") (emphasis added). Nor is there any evidence to indicate that these convictions required proving a dishonest act as required by Rule 609(a)(2). *See United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) ("[C]rimes of stealth, such as burglary ... do not come within [Rule 609(a)(2)]"); *Ramsay-Nobles v. Keyser*, No. 16-CIV-5778, 2020 WL 359901, *2 (S.D.N.Y. Jan. 22, 2020). "Having concluded that [this conviction is] not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014).

The Court finds that the probative value of names of Plaintiff's felony convictions, their dates, and the sentences imposed is not substantially outweighed by the danger of unfair

5

prejudice. Initially, Plaintiff's robbery and burglary convictions, as crimes of theft or stealth, have probative value as to Plaintiff's character for truthfulness. *See Laureano v. City of New York*, No. 17-CV-181, 2021 WL 3272002, *9 (S.D.N.Y. July 30, 2021) ("[C]onvictions for burglary and robbery are 'quite probative of veracity' because 'theft crimes, and other crimes involving stealth, ... bear on a witness's propensity to testify truthfully'") (quoting *Estrada*, 430 F.3d at 621). Second, these convictions were somewhat remote in time—Plaintiff was convicted approximately fifteen years ago—and the "probative value of a conviction decreases as its age increases." *Twitty v. Ashcroft*, No. 3:04-CV-410, 2010 WL 1677757, *2 (D. Conn. Apr. 23, 2010) (quoting 4 Weinstein's Federal Evidence, § 609.05(3)(d) at 609-41 (2d ed. 2010)). Third, these convictions were not similar in nature to the conduct at issue—an alleged assault on Plaintiff by Defendants—and the "less similar the pending case to the prior conviction, the less prejudicial its admission is." *Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, *3 (N.D.N.Y. July 12, 2018). Finally, Plaintiff's credibility is highly important in this case. Thus, only the second factor (the age of the convictions) weighs against admitting the names of Plaintiff's felony convictions, the dates, and the sentences imposed.

"[T]he Court must also consider the standard Rule 403 factors: 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Espinosa*, 2014 WL 988832, at *6. "While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof." *Id.* Here, the Court does not find that admitting the names of Plaintiff's felony convictions, the dates, and the sentences imposed have the potential of being unduly cumulative or wasting time. *See Ramsay-Nobles*, 2020 WL 359901,

6

at *3 ("[T]he simple act of asking a witness whether and when [they were] convicted of a particular crime, and what punishment [they] received therefor, does not implicate such things as undue delay or juror confusion").

Accordingly, Plaintiff's motion to preclude evidence and testimony concerning the names, dates, and sentences imposed for his 2007 convictions is denied. Defendants' motion to admit this evidence is granted.[2]

### C.  Plaintiff's Witnesses' Prior Criminal Convictions

Defendants seek to introduce testimony concerning the name, date, and sentences for the felony convictions of three of Plaintiff's potential witnesses: Lavogia Jackson, Donovan Mais, and  Julius Sanders. *See* Dkt. No. 124 at 6-7.  Mr. Jackson is currently incarcerated for 2001 convictions of robbery, attempted robbery, and sexual abuse; Mr. Mais is currently incarcerated for 2010 convictions of burglary and attempted robbery; and Mr. Sanders is currently incarcerated for 2011 convictions of robbery and murder.  Plaintiff opposes the introduction of this evidence.

For the reasons stated for Plaintiff, above, the Court finds that the probative value of names of these witnesses' felony robbery and burglary convictions, their dates, and the sentences imposed is not substantially outweighed by the danger of unfair prejudice.  However, Mr. Sanders' murder conviction and Mr. Jackson's sexual abuse conviction are not probative of their truthfulness.  *See Estrada*, 430 F.3d at 618 (holding that a good "rule of thumb" is that "convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not").  The jury will already have knowledge of these witnesses

---

[2] However, this holding does not extend to the underlying details of Plaintiff's 2007 felony convictions. Admitting such evidence runs a significant risk of confusing the issues and causing undue delay. Therefore, Defendants may not seek to introduce evidence concerning the underlying details of Plaintiff's 2007 convictions unless Plaintiff should open the door to such a line of questioning.

robbery convictions; eliciting the fact of an additional murder or sexual assault convictions would provide minimal impeachment value but could be significantly prejudicial to Plaintiff's case.

Accordingly, Plaintiff's motion, to the extent it seeks to preclude evidence and testimony concerning the names, dates, and sentences of his witnesses' felony burglary and robbery convictions, is denied.  Plaintiff's motion is granted with respect to his witnesses' felony murder and sexual assault convictions.  Defendants' motion, to the extent it seeks to admit these witnesses' felony burglary and robbery convictions, is granted.  Defendants' motion, to the extent it seeks to admit these witnesses' felony murder and sexual assault convictions, is denied.

**D.     Plaintiff's Disciplinary Record and Litigation**

Plaintiff seeks preclusion under Rule 404(b)[3] of any prior and unrelated disciplinary actions or litigation brought against him while incarcerated.  *See* Dkt. No. 121 at 2.  Defendants do not oppose this portion of Plaintiff's motion.

Accordingly, the portion of Plaintiff's motion seeking to preclude evidence of his unrelated prior disciplinary history is granted.

**E.     Joshua Grey's Written Witness Statement**

Plaintiff argues that four written statements made by inmates concerning the June 8, 2015 incident should be admitted into evidence under Rule 807 of the Federal Rules of Evidence, if the inmates are unavailable as witnesses.  *See* Dkt. No. 121 at 3-6; Dkt. No. 125 at 6-12.[4]  Currently,

---

[3] Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*

[4] These statements are not admissible under Rule 804 of the Federal Rules of Evidence, which provides that the former testimony of a witness is "not excluded by the rule against hearsay" where the declarant is unavailable as a witness and the testimony was "given as a

8

the written statement of Joshua Grey—who Plaintiff was unable to locate—is "the only one of the four documents that Plaintiff ... intends to introduce as evidence at trial."  Dkt. No. 125 at 7.[5]  Defendants oppose admission of all of these statements, regardless of the witnesses' availability.  *See* Dkt. No. 124 at 8-9; Dkt. No. 126 at 1.

"Rule 807 excepts from hearsay a statement 'supported by sufficient guarantees of trustworthiness' that is 'more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts,' and the opposing party is given reasonable notice."  *United States v. Abarca*, No. 19-3751-CR, 2021 WL 6803226, *6 (2d Cir. Dec. 15, 2021) (quoting Fed. R. Evid. 807(a)); *see also United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004) ("A statement will be admitted under this rule if '(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party'") (quoting *United States v. Bryce*, 208 F.3d 346, 350-51 (2d Cir. 1999)).  When evaluating trustworthiness, courts consider:

> "(1) the character of the witness for truthfulness and honesty; (2) whether the testimony was given voluntarily, under oath, subject to cross-examination, and a penalty for perjury; (3) the witness's relationship with both the defendant and the government; (4) the witness's motivation to testify; (5) whether the witness ever recanted the testimony; (6) the existence of corroborating evidence;

---

witness at a trial, hearing, or lawful deposition" and "is now offered against a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination."  Here, even assuming that the declarants are unavailable, none of these statements were made at a trial, hearing, or deposition, and Defendants have not had a opportunity to develop these declarants' testimony.

[5] Plaintiff plans to introduce the other three inmate statements into evidence should their declarants (who are currently expected to testify at trial) become unavailable.  Dkt. No. 125 at 9-12.  The Court specifically addresses Plaintiff's arguments concerning Grey's statement, but its ruling also applies to the other statements, should Plaintiff seek to introduce them.

9

and (7) the reasons for the witness's unavailability."

*Securities Inv'r Protec. Corp. v. Bernard L. Madoff Inv. Securities LLC*, 528 F. Supp. 3d 219, 233 (S.D.N.Y. 2021) (quotation omitted). "'Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances.'" *United States v. Griffin*, 811 Fed. Appx. 683, 686 (2d Cir. 2020) (quoting *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).

The Court finds that these statements are not admissible under Rule 807 because they are not supported by sufficient guarantees of trustworthiness. It is true, as Plaintiff argues, that there is no indication that Grey has recanted his testimony; the statement appears broadly consistent with what Plaintiff's other witnesses will testify; and he was not specifically incarcerated for perjury. However, Grey's conviction[6] is still probative of his character for truthfulness, *see United States v. White*, 312 F. Supp. 3d 355, 359 (E.D.N.Y. 2018); he has a potentially hostile relationship with Defendants, who were directly involved with his incarceration; and, perhaps most importantly, Grey's statement was not made under oath or subject to cross-examination. Therefore, the Court does not find that there are "exceptional circumstances" here such that admitting this evidence under Rule 807 is warranted. *Griffin*, 811 Fed. Appx. at 686.

Accordingly, the portion of Plaintiff's motion seeking admission of Grey's written statement is denied.

**F.     Indemnification Evidence**

Defendants argue that all references to indemnification or the potential for indemnification should be precluded because Defendants' indemnification is "entirely irrelevant to the issues at trial" and "extremely prejudicial to Defendants." Dkt. No. 124 at 7. In opposition, Plaintiff

---

[6] Grey was incarcerated for the sale of a controlled substance in the third degree.

argues that he "does not intend to argue that any *compensatory* damages award would be paid by the State" but asserts that "potential indemnification by the State" would be relevant should Defendants "seek to 'limit a *punitive* damages award based on personal financial circumstances.'" Dkt. No. 125 at 6 (emphasis added).

The Court agrees with Defendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing Defendants. *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 WL 4350572, *2 (S.D.N.Y. June 12, 2017). However, in the specific situation raised by Plaintiff—where Defendants have submitted evidence seeking to limit a punitive damages award based on a Defendants' personal financial circumstances—the Court finds that evidence of Defendants' indemnification, or lack thereof, would be relevant and admissible. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("[A] fact-finder can properly consider the existence of [an indemnity] agreement as obviating the need to determine whether a defendant's limited financial resources justifies some reduction in the amount that would otherwise be awarded"); *see also Tatum v. City of New York*, No. 06-CV-4290, 2009 WL 1748044, *7 (S.D.N.Y. June 19, 2009). Such a situation would only occur in this case if the jury has awarded Plaintiff punitive damages at the conclusion of the upcoming trial, and a separate hearing on those punitive damages is being held.

Accordingly, the portion of Defendants' motion seeking to preclude evidence of indemnification is granted, except that Plaintiff is permitted to introduce such evidence at a subsequent hearing on punitive damages if Defendants proffer evidence of their financial resources.

**G.    Plaintiff's Dismissed Claims**

Defendants argue that any evidence relating to any of Plaintiff's dismissed claims—such

as the claims involving dismissed Defendants Wood, Cuomo, and Racette—should be precluded. *See* Dkt. No. 124 at 8.  More specifically, Defendants request that any documents including information about such matters (*i.e.*, the complaint, grievance documents, correspondence) be appropriately redacted before they are admitted.  *Id.*  Plaintiff does not oppose this request, instead asserting that "[a]ny such limitation should also apply to Defendants."

Accordingly, the portion of Defendants' motion seeking to preclude any reference to Plaintiff's dismissed claims is granted.  Any documents entered into evidence referencing these claims should be appropriately redacted.

## I.     CNYPC Medical Records

Plaintiff has subpoenaed medical records from nonparty CNYPC.  Defendants argue that Plaintiff will not be able to lay the proper foundation "in the absence of someone [from] CNYPC to authenticate these records," and that the documents should be precluded as "wholly irrelevant" or substantially outweighed by a danger of confusing the issues or needlessly presenting cumulative evidence.  Dkt. No. 124 at 9.  In opposition, Plaintiff argues "the only records from CNYPC that [he] would seek to introduce at trial" are two "sick call slip[s]" "to support his claim that he sought treatment shortly after the assault."  Dkt. No. 125 at 13.

Based on the limited information provided, these two sick call slips appear relevant to Plaintiff's claim and may be admissible as a statement made for medical diagnosis or treatment. *See* Fed. R. Evid. 803(4).  However, a full analysis of admissibility will have to wait until the records have been produced and are available to be examined.  Plaintiff will also have an opportunity to lay a proper foundation for this evidence at trial.

Accordingly, the Court will reserve on Defendants' motion to preclude any CNYPC records offered by Plaintiff.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 121) is **GRANTED-in-part and DENIED-in-part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 124) is **GRANTED-in-part, DENIED-in-part, and RESERVED-in-part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 14, 2022
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge