UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOWAUN COLEMAN,

                              Plaintiff,

vs.                                              9:18-CV-390
                                                            (MAD/CFH)

LT. DURKIN, SGT. HUTTI, SGT. KING,
WYATT, S. DUBREY, SPINNER, J. TYLER,
CORRECTIONS OFFICER CORYEA,
CORRECTIONS OFFICER DEMERS, and
JOHN REYELL,

                              Defendants.

---

## JURY VERDICT FORM

PLEASE NOTE - Each Juror will be provided with a Verdict Form. HOWEVER, YOUR VERDICT SHOULD BE REPORTED TO THE JUDGE ON <u>ONLY ONE</u> VERDICT FORM WHICH IS SIGNED BY THE JURY FOREPERSON. The remaining Verdict Forms should be returned to the courtroom deputy unsigned.

**ALSO, please carefully follow the bold-type directions accompanying each question.**

### I. EXCESSIVE FORCE

1(a). Did Plaintiff prove by a fair preponderance of the credible evidence that, on June 8, 2015, any of the Defendants used excessive force against him in violation of the Eighth Amendment of the United States Constitution?

    **Defendant Durkin**          Yes_____  No ✓____

    **Defendant Hutti**            Yes_____  No ✓____

    **Defendant King**            Yes_____  No ✓____

    **Defendant Wyatt**           Yes_____  No ✓____

    **Defendant S. Dubrey**      Yes_____  No ✓____

|                       |       |        |
|-----------------------|-------|--------|
| **Defendant Spinner** | Yes___ | No ✓___ |
| **Defendant J. Tyler** | Yes___ | No ✓___ |
| **Defendant Coryea** | Yes___ | No ✓___ |
| **Defendant Demers** | Yes___ | No ✓___ |
| **Defendant Reyell** | Yes___ | No ✓___ |

If you answered "No" with respect to all Defendants in Question 1(a), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 1(a), please proceed to Question 1(b) as to any such Defendant(s).

1(b). Did Plaintiff prove by a fair preponderance of the credible evidence that the alleged use of excessive force on June 8, 2015, by any Defendant(s), proximately caused an injury to Plaintiff?

|                          |        |       |
|--------------------------|--------|-------|
| **Defendant Durkin**     | Yes___ | No___ |
| **Defendant Hutti**      | Yes___ | No___ |
| **Defendant King**       | Yes___ | No___ |
| **Defendant Wyatt**      | Yes___ | No___ |
| **Defendant S. Dubrey**  | Yes___ | No___ |
| **Defendant Spinner**    | Yes___ | No___ |
| **Defendant J. Tyler**   | Yes___ | No___ |
| **Defendant Coryea**     | Yes___ | No___ |
| **Defendant Demers**     | Yes___ | No___ |
| **Defendant Reyell**     | Yes___ | No___ |

If you answered "No" with respect to all Defendants in Question 1(b), your deliberations are complete. Please have the foreperson sign and date the last

2

page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 1(b), please proceed to Question 1(c).

1(c).  What sum of money, if any, do you find that Plaintiff has proven by a fair preponderance of the evidence would fairly compensate him for any injury he has suffered that was proximately caused by Defendant(s) alleged use of excessive force surrounding the June 8, 2015, incident?

$ _____

**Please note that you may not award both compensatory and nominal damages. Therefore, if you found in Question 1(c) that Plaintiff is entitled to compensatory damages for the June 8, 2015 incident, please skip Question 1(d) and proceed to Question 1(e). If you found that Plaintiff is not entitled to compensatory damages in Question 1(c), please proceed to Question 1(d) and award Plaintiff nominal damages of no more than $1.00.**

1(d).  What amount, if any, do you award as nominal damages to Plaintiff for the alleged excessive force incident on June 8, 2015?

$ _____

**Please proceed to Question 1(e).**

1(e).  Did Plaintiff establish by a fair preponderance of the evidence that the Defendant(s) for whom you answered "Yes" to both Questions 1(a) **and** 1(b) was motivated by evil motive or intent or by reckless indifference to Plaintiff's constitutional rights, such that punitive damages should be assessed against that Defendant(s)?

| | | |
|---|---|---|
| **Defendant Durkin** | Yes_____ | No_____ |
| **Defendant Hutti** | Yes_____ | No_____ |
| **Defendant King** | Yes_____ | No_____ |
| **Defendant Wyatt** | Yes_____ | No_____ |
| **Defendant S. Dubrey** | Yes_____ | No_____ |
| **Defendant Spinner** | Yes_____ | No_____ |
| **Defendant J. Tyler** | Yes_____ | No_____ |

3

|                     |              |
|---------------------|--------------|
| **Defendant Coryea**  | Yes_____ No_____ |
| **Defendant Demers**  | Yes_____ No_____ |
| **Defendant Reyell**  | Yes_____ No_____ |

Please proceed to Question 2(a).

## II. FAILURE TO INTERVENE

2(a). Did Plaintiff prove by a fair preponderance of the credible evidence that any of the Defendants violated his Eighth Amendment rights by failing to intervene to prevent the alleged use of excessive force on June 8, 2015?

|                         |              |
|-------------------------|--------------|
| **Defendant Durkin**    | Yes_____ No_____ |
| **Defendant Hutti**     | Yes_____ No_____ |
| **Defendant King**      | Yes_____ No_____ |
| **Defendant Wyatt**     | Yes_____ No_____ |
| **Defendant S. Dubrey** | Yes_____ No_____ |
| **Defendant Spinner**   | Yes_____ No_____ |
| **Defendant J. Tyler**  | Yes_____ No_____ |
| **Defendant Coryea**    | Yes_____ No_____ |
| **Defendant Demers**    | Yes_____ No_____ |
| **Defendant Reyell**    | Yes_____ No_____ |

**If you answered "No" with respect to all Defendants in Question 2(a), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 2(a), please proceed to Question 2(b) as to any such Defendant(s).**

2(b). Did Plaintiff prove by a fair preponderance of the credible evidence that any of the

4

Defendants' failure to intervene to prevent the alleged use of excessive force on June 8, 2015, proximately caused an injury to Plaintiff?

| | | |
|---|---|---|
| **Defendant Durkin** | Yes_____ | No_____ |
| **Defendant Hutti** | Yes_____ | No_____ |
| **Defendant King** | Yes_____ | No_____ |
| **Defendant Wyatt** | Yes_____ | No_____ |
| **Defendant S. Dubrey** | Yes_____ | No_____ |
| **Defendant Spinner** | Yes_____ | No_____ |
| **Defendant J. Tyler** | Yes_____ | No_____ |
| **Defendant Coryea** | Yes_____ | No_____ |
| **Defendant Demers** | Yes_____ | No_____ |
| **Defendant Reyell** | Yes_____ | No_____ |

If you answered "No" with respect to all Defendants in Question 2(b), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 2(b), please proceed to Question 2(c).

2(c). What sum of money, if any, do you find that Plaintiff has proven by a fair preponderance of the evidence would fairly compensate him for any injury he has suffered that was proximately caused by Defendant(s)' failure to intervene in the alleged use of excessive force on June 8, 2015?

$_____

Please note that you may not award both compensatory and nominal damages. Therefore, if you found in Question 2(c) that Plaintiff is entitled to compensatory damages for the April 8, 2015 incident, please skip Question 2(d) and proceed to Question 2(e). If you found that Plaintiff is not entitled to compensatory damages in Question 2(c), please proceed to Question 2(d) and award Plaintiff nominal damages of no more than $1.00.

5

2(d). What amount, if any, do you award as nominal damages to Plaintiff for Defendant(s)' failure to intervene in the alleged use of excessive force on June 8, 2015?

$ _____

**Please proceed to Question 2(e).**

2(e). Did Plaintiff establish by a fair preponderance of the evidence that any of the Defendants for whom you answered "Yes" to both Questions 2(a) **and** 2(b), was motivated by evil motive or intent or by reckless indifference to Plaintiff's constitutional rights by his failure to intervene, such that punitive damages should be assessed against that Defendant(s)?

| | | |
|---|---|---|
| **Defendant Durkin** | Yes_____ | No_____ |
| **Defendant Hutti** | Yes_____ | No_____ |
| **Defendant King** | Yes_____ | No_____ |
| **Defendant Wyatt** | Yes_____ | No_____ |
| **Defendant S. Dubrey** | Yes_____ | No_____ |
| **Defendant Spinner** | Yes_____ | No_____ |
| **Defendant J. Tyler** | Yes_____ | No_____ |
| **Defendant Coryea** | Yes_____ | No_____ |
| **Defendant Demers** | Yes_____ | No_____ |
| **Defendant Reyell** | Yes_____ | No_____ |

**YOUR DELIBERATIONS ARE COMPLETE.**

**PLEASE INFORM THE MARSHAL THAT YOU HAVE REACHED A VERDICT. PLEASE REMEMBER TO HAVE THE FOREPERSON DATE AND SIGN YOUR VERDICT SHEET. THANK YOU.**

Dated: February 24, 2022

Foreperson's Name Redacted
Foreperson's Signature